```
UNITED STATES DISTRICT COURT                C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                              :
IVREE DYER,                                   :
                                              :
                                              :   MEMORANDUM DECISION AND
                    Plaintiff,                :   ORDER
                                              :
         - against -                          :   16-cv-6876 (BMC)(RLM)
                                              :
FAMILY COURT; EDWIN GOULD;                    :
BROOKLYN HOSPITAL; MONIFAH                    :
SAMUELS; MS. HARRIS; KEITH LITTLE;            :
EVA MOK; NATALIA RIMARVERA;                   :
PIYALI BASAK; MS. ROCHA; AIMEE                :
AMBUSH; LEIGH STANISLAUS;                     :
TOWANDA BENNETTE; THE                         :
HONORABLE JACQULINE B. DEANE;                 :
and ACS,                                      :
                                              :
                    Defendants.               :
----------------------------------------------------------X
```

**COGAN, District Judge.**

Plaintiff *pro se* is the mother of two children, S.D. and N.D., who are in the custody of the New York City Administration for Children's Services ("ACS") and have been placed in foster care. Plaintiff brings claims under 42 U.S.C. § 1983 alleging that her Fourteenth Amendment rights[1] have been violated and seeking $500 million in damages.

Plaintiff has brought claims against fifteen defendants, including: the New York City Family Court, Family Court Judge Jacquline[sic] Deane, ACS, Edwin Gould Services for Children and Families ("Edwin Gould Services"), the Executive Director of Edwin Gould Services and numerous case planners and supervisors, the foster mother, the children's guidance counselor, Brooklyn Hospital, two doctors at Brooklyn Hospital, and an individual who plaintiff identifies as a "lawyer."

---

[1] In her complaint, plaintiff also asserts that she brings claims for violations of her First Amendment rights, but plaintiff alleges no facts that possibly – let alone plausibly – state a First Amendment claim.

The Court grants Dyer's request to proceed *in forma pauperis*. For the reasons discussed below, the claims are dismissed as to ACS, New York City Family Court, Family Court Judge Jacquline Deane, Brooklyn Hospital, Eva Mok, Natalie Rimarvara, Piyali Basak, Ms. Harris, Kevin Little, Monifah Samuals, and Towanda Bennette. The claims shall proceed only against Edwin Gould Services, "Ms. Rocha," Aimee Ambush, and Leigh Stanislaus.

## BACKGROUND

A significant portion of plaintiff's complaint is unclear to the point of being incoherent. Liberally construed, the Court has extrapolated the following claims.

First, plaintiff alleges that her Fourteenth Amendment right to due process has been violated because her two children have been neglected and abused while in the care of their foster mother, defendant Bennette. Specifically, plaintiff alleges that the children have suffered from rashes and have been kept ungroomed and in dirty clothes. Plaintiff further alleges that in July 2016, one or both of the children – the complaint is unclear – were sexually abused in the foster home and that on November 28, 2016 and November 29, 2016, two additional "incidents" occurred. It is unclear if by "incidents" plaintiff is referring to additional events of sexual abuse, or something else. Plaintiff states that she has informed defendant Edwin Gould Services of the abuse and neglect on numerous occasions, and has made requests to defendants Aimee Ambush and Leigh Stanislaus, employees of Edwin Gould Services, that the children be placed in a different foster home, including prior to the incident of sexual abuse in July 2016, but they have ignored her complaints.

Second, plaintiff alleges that her parental rights were violated when defendant Ambush took S.D. to Brooklyn hospital for medical treatment without informing plaintiff. The complaint fails to state when S.D. visited the hospital and it is unclear whether the hospital visit was related

2

to the alleged sexual abuse. S.D. was treated by defendant doctors Eva Mok and Natalia Rimarvera at Brooklyn Hospital. Plaintiff alleges no further facts regarding the doctors or Brooklyn Hospital.

Third, plaintiff alleges that Ms. Rocha, the children's guidance counselor, prevented plaintiff from accessing N.D.'s educational records. Plaintiff alleges that after Edwin Gould Services had diagnosed N.D. with autism spectrum disorder, she went to N.D.'s school to ensure that N.D. was being provided with the proper services, but Rocha denied plaintiff access to this information.

Fourth, plaintiff alleges that Family Court Judge Deane violated her due process rights when Judge Deane: (1) ordered plaintiff's visitation rights suspended, without providing plaintiff with an opportunity to contest the evidence against her; and (2) permitted witnesses from Edwin Gould Services and ACS to "commit[] perjury on [the] stand."

Finally, in a supplemental letter to the Court, plaintiff alleges that: she never received an order from the Family Court suspending her visitation rights; defendant Edwin Gould services has consistently withheld information from plaintiff regarding her children; and the biological father and aunt of the children have been denied their rights as family members to "intervene."[2]

## DISCUSSION

First, plaintiff may not maintain a claim against ACS. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. That provision "has been construed to mean that New York City departments, as distinct from the City

---

[2] The father and the aunt of the children are not named as plaintiffs in this case and thus I will not consider any claim regarding the violation of their rights.

3

itself, lack the capacity to be sued." Ximines v. George Wingate High Sch., 516 F.3d 156, 159-60 (2d Cir. 2008) (per curiam); see Thomas v. City of New York, No. 15 CV 3236, 2015 WL 9412543, at *3 (E.D.N.Y. Dec. 22, 2015) (ACS is not a suable entity); Worrell v. City of New York, No. 12 CV 6151, 2014 WL 1224257, at *3 (E.D.N.Y. March 24, 2014) (same). Accordingly, any claims that plaintiff may be advancing against ACS are dismissed.

Second, any claims against the Family Court, a court that is part of the New York State Unified Court System, must be dismissed because it is entitled to sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984) (holding that absent consent, a State and its agencies are immune from suits brought in federal court); Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment Immunity."); see also Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (the New York State Unified Court System is entitled to sovereign immunity as an arm of the State); Raghunath v. New York, No. 14 CV 4218, 2015 WL 4623467, at *3 (E.D.N.Y. July 30, 2015) (holding that the court lacked subject matter jurisdiction over plaintiff's claims against New York City Family Court because it is entitled to sovereign immunity); McKnight v. Middleton, 699 F.Supp.2d 507, 521 (E.D.N.Y. 2010) (holding that New York City Family Court is "a part of the New York State Unified Court system and is, therefore, also protected by the State's sovereign immunity from suit in federal court."). Accordingly, any claims against the Family Court are barred.

Third, plaintiff's claims against Judge Deane must also be dismissed because judges have absolute immunity for acts performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Absolute judicial immunity "is not

4

overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (internal quotation marks and citation omitted); accord Horton v. City of New York, No. 14 CV 4279, 2014 WL 3644711, at *1 (E.D.N.Y. July 22, 2014); Edo v. Queens Cnty. Criminal Court, No. 13 CV 7089, 2013 WL 6732811, at *1 (E.D.N.Y. Dec. 19, 2013). To the extent that plaintiff brings claims against Judge Deane for violations of due process, or any other claim in connection with plaintiff's family court proceedings in which Judge Deane presided, they are foreclosed by absolute judicial immunity.

Fourth, any claims against Piyali Basak, Brooklyn Hospital, and doctors Eva Mok and Natalia Rimarvera are dismissed for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)).

Here, plaintiff fails to state a single factual allegation against Piyali Basak, who she has identified as a "lawyer." As far as plaintiff's complaint is concerned, Piyali Basak has no involvement with this case. Thus, any claims as to Piyali Basak are dismissed.

In regards to Brooklyn Hospital and doctors Mok and Rimarvera, the only facts that plaintiff alleges against them are that S.B. was treated at Brookyln Hospital by Dr. Mok and Dr. Rimarvera. Plaintiff, however, does not accuse Brooklyn Hospital or the doctors of any wrongful conduct. The mere allegation that plaintiff's child visited the hospital and was treated

5

by two doctors is insufficient to state any claim, let alone a § 1983 claim for a constitutional violation. Thus, any claims as to Brooklyn Hospital, Mok, and Rimarvera are dismissed.

Fifth, any claims against Ms. Harris, who plaintiff identifies as a "supervisor of permanency planning," Monifah Samuels, who plaintiff identifies as a "case planner supervisor" and Keith Little, who plaintiff identifies as the "Executive MPA Director," are dismissed for failure to allege any personal involvement by these defendants in the alleged constitutional deprivation. It is well settled that in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional deprivation. See, e.g., Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013); Farid v. Ellen, 593 F.3d 233, 250 (2d Cir. 2010). Moreover, liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no *respondeat superior* or vicarious liability under § 1983. See, e.g., Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*."). Even liberally construed, plaintiff's complaint fails to allege sufficient facts to link any acts or omissions by these defendants to the violation of her constitutional rights.

Sixth, any claims against Bennette, the foster mother, fail because Bennette was acting as a private citizen, not as a state actor, when the alleged sexual abuse occurred. To state a claim for relief under § 1983, plaintiff must allege that a defendant, acting under color of state law, deprived her of a constitutionally or federally protected right. See Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); Washington v. James, 782 F.2d 1134, 1138 (2d Cir.

1986). Courts of Appeals that have considered whether a foster parent is a state actor under § 1983 "have resoundingly answered in the negative." Smith v. Gristina, 11 CV 2371, 2012 WL 247017, at *3 (S.D.N.Y. Jan. 6, 2012) (collecting cases); see Hafez v. Madison, 348 F. App'x 465, 467 (11th Cir. 2009) ("[F]oster parents are not state actors for section 1983 purposes."); United States v. Peneaux, 432 F.3d 882, 896 (8th Cir. 2005) ("[F]oster parents are generally not considered agents of the state."); Leshko v. Servis, 423 F.3d 337, 341 (3d Cir. 2005) (holding that a foster parent was not a state actor); Rayburn v. Hogue, 241 F.3d 1348-49 (11th Cir. 2001) (holding that foster parents were not state actors in the context of child abuse); Weller v. Dep't of Soc. Servs., 901 F.2d 387, 392 (4th Cir. 1990) ("[H]arm suffered by a child at the hands of his foster parents is not harm inflicted by state agents."); Milburn v. Anne Arundel County Dep't of Soc. Servs., 871 F.2d 474, 479 (4th Cir. 1989) (holding that foster parents were not state actors because the state "exercised no coercive power over" the foster parents nor did it "encourage them."). Thus, plaintiff's claims against Bennette are dismissed.

However, plaintiff's claims against Edwin Gould Services, Aimme Ambush, and Leigh Stanislaus may proceed on a theory that plaintiff's due process rights were violated because defendants failed to protect the children from harm in the foster home. Plaintiff's claim against Ms. Rocha may also proceed on a theory that Ms. Rocha violated plaintiff's right to information under § 1415(b)(1) of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*[3]

---

[3] Plaintiff's rights under the IDEA, however, will "be determined with reference to the rights she retains under the state custody decree...." Taylor v. Vermont Dept. of Educ., 313 F.3d 768, 786 (2d Cir. 2002). Thus, if the Family Court had previously suspended plaintiff's parental rights relating to her children's education, then there was no violation of the IDEA. Additionally, plaintiff's IDEA claim will be dismissed if it is determined that she failed to exhaust the IDEA's administrative remedies prior to bringing this action. See 20 U.S.C. § 1415(l); Taylor, 313 F.3d at 788-90.

## CONCLUSION

For the reasons set forth above, I hereby dismiss the claims as to ACS, the Family Court, Judge Deane, Piyali Basak, Brooklyn Hospital, Eva Mok, Natalia Rimarvera, Ms. Harris, Monifah Samuels, Keith Little, and Towanda Bennette pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants. However, the claims against Edwin Gould Services, Aimme Ambush, Leigh Stanislaus, and Ms. Rocha may proceed as provided in this Order. The Clerk of Court is directed to issue summonses against these defendants, and the United States Marshals Service is directed to serve the complaint and this Order on the defendants without prepayment of fees. A copy of this Order shall be served on the New York City Law Department. The case is referred to the Honorable Roanne L. Mann, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
December 28, 2016